UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NP-LAKE OWNER TRUST,<br>Plaintiff,<br>v.<br>JEREMY WILLER CONSTRUCTION, INC., et al.,<br>Defendants. | Case No. 1:26-cv-07244-HBK<br>ORDER TO RANDOMLY ASSIGN CASE TO A DISTRICT JUDGE, VACATING OCTOBER 16, 2026 MOTION HEARING AND MOOTING REQUEST FOR TELEPHONIC APPEARANCE<br>(Doc. 11) |

Plaintiff commenced this action on September 4, 2026 by filing a verified complaint seeking foreclosure of commercial deeds of trust and recovery on guarantor liability. (Doc. 1). The case was assigned to the undersigned under Appendix A to the Eastern District of California's Local Rules. (Doc. 6-1).

On September 11, 2026, Plaintiff filed an ex parte emergency motion for appointment of a temporary receiver and issuance of an order to show cause regarding appointment of a permanent receiver. (Doc. 9). The motion, brought under Federal Rule of Civil Procedure 66 and Local Rule 232, also seeks to enjoin Defendant Jeremy Willer Construction, Inc. ("JWC") and persons acting on its behalf or in concert with it from committing or permitting waste of the proposed receivership property, and to remove Brett Prather, a receiver appointed by a state family court. (*Id.* at 2–3). Plaintiff alleges that JWC lacks proper management and that its assets are being wasted. (*Id.* at 2). Plaintiff also challenges the validity of Prather's appointment and his

qualifications and neutrality. (*Id.* at 3).

Proof of service on all defendants has not been completed. Thus, the opt-out process under Appendix A has not been completed and cannot be completed before the scheduled hearing. The undersigned therefore does not presently have authority to decide the motion under 28 U.S.C. § 636(c).

Under 28 U.S.C. § 636(b)(1)(A), a magistrate judge may hear and determine certain pretrial matters, but not motions for injunctive relief. Upon referral, a magistrate judge may submit proposed findings and recommendation on such motions to a district judge. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Because Plaintiff seeks injunctive relief, assignment of a district judge is appropriate.

The requested appointment of a receiver provides an additional basis for assignment. Although it does not appear that the Ninth Circuit has directly addressed the issue, at least one other circuit has held that a motion to appoint a receiver was dispositive under Rule 72 and could not be delegated to a magistrate judge for determination under § 636(b)(1)(A). *ML-CFC 2007-6 Puerto Rico Props, LLC v. BPP Retail Props., LLC*, 951 F.3d 41, 48-49 (1st Cir. 2020).

Accordingly, IT IS ORDERED:

1. The Clerk of Court shall randomly assign a district judge to this case for consideration of Plaintiff's ex parte emergency motion (Doc. 9).

2. The hearing on the motion scheduled for October 16, 2026 at 9:00 a.m. is VACATED. The assigned district judge may reschedule the hearing as appropriate.

3. Brett Prather's request for a telephonic appearance at the October 16, 2026 hearing (Doc. 11) is MOOT.

Dated: October 14, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE